# Davis *v.* Curry.

*Statutory Action in nature of Ejectment.*

1. *Sale and conveyance by plaintiff pending suit.*—As a general rule, the plaintiff in ejectment, or the statutory action in the nature of ejectment, must have title at the commencement of the suit, and that title must continue until the trial; but an exception to this rule is, that a conveyance by him pending the suit, being void as against the defendant in adverse possession, can not be pleaded in bar of the further prosecution of the suit.

85　133
99　127
95　133
100　217

APPEAL from the Circuit Court of Chilton.

Tried before the Hon. JAMES W. LAPSLEY.

This action was brought by Charles L. Davis, against Samuel Curry and W. C. Hester, to recover the possession of a tract of land particularly described in the complaint, and was commenced on the 24th February, 1887. The land had belonged to Edward Davis, deceased, who was the father of the plaintiff; and each party asserted title under him.

The defendants interposed a special plea, since the last continuance, alleging that the plaintiff had sold and conveyed his interest in the land to one H. C. Reynolds. The court overruled a demurrer to this plea, and, issue being joined on a special replication to the plea, instructed the jury that said sale and conveyance was a bar to the further prosecution of the suit. The rulings of the court on this question are the only matters assigned as error.

WATTS & SON, and W. S. CARY, for appellant.

HENRY WILSON, *contra.*

STONE, C. J.—This case went off in the court below on the defense, that after the suit was brought, Davis, the plaintiff, sold and conveyed all his interest in the land to one Reynolds. This was interposed as a full defense, by plea *since the last continuance.* To this it was replied, that at the time of the sale and conveyance the defendants were in the adverse possession under claim of right. Their plea of not guilty was an admission that they were in possession, and a denial of plaintiff's right to recover.—*McQueen v. Lampley*, 74 Ala. 408.

There can be no question, that when lands are in the adverse possession of another, holding under claim of right, they can not be sold and conveyed, so as to vest in the grantee a right to maintain an action in his own name for their recovery. The reason is, that such conveyance is void as against the adverse holder.—3 Brick. Dig. 18, § 51. As between the parties, however, and all persons other than the adverse holder, the sale is legal and binding. After such sale, the vendor, or original owner, may maintain an action in his own name for the recovery of the possession; and if his title was originally good, his sale and conveyance oppose no obstacle to his right of recovery. The reason is this: The conveyance, being made pending the adverse holding, is, as to the defendant, the same as if none had been made. It is void as to him. It confers no rights against him, and he can claim no benefits or defenses under it.—*Bernstein v. Humes*, 60 Ala. 582; *Yarborough v. Avant*, 66 Ala. 526; *Johnson v. Cook*, 73 Ala. 537; Sedg. & Wait Trial of Title to Land, § 190; *Jackson, ex dem. v. Vredenbergh*, 5 Johns. 159; *Livingston v. Proseus*, 2 Hill (N. Y.), 526; *Farnum v. Peterson*, 111 Mass. 148; *Steeple v. Downing*, 60 Ind. 478.

Such facts constitute a seeming exception to the rule, that in ejectment suits it is not enough that plaintiff has a title when he commences his action; he must remain the owner up to, and including the final trial. If his title terminates pending the suit, the general rule is, he can not recover the lands, though in some cases he may recover mesne profits.—*Hairston v. Dobbs*, 80 Ala. 539; *Chandler v. Jost*, 81 Ala. 411.

There is sound sense as well as justice in this rule. By the sale of property adversely held, the purchaser acquires no title which will maintain an action in his name against the adverse holder. If, in such case, suit can not be maintained in the name of the vendor, no one can assert rights resting on his title, no matter how complete it may be.

We have shown that, if this suit had been instituted in Davis' name after the sale and conveyance to Reynolds, the present defendants could not have defended on the ground that he, Davis, had parted with his title. As to them, he had not parted with it. It certainly needs no argument to prove that such defense must be equally unavailing, when pleaded in bar of the further maintenance of the suit.

Reversed and remanded.