# Carr *v.* Miller.

## *Ejectment.*

(Decided May 20, 1909, 49 South. 802.) .

*Ejectment; Conveyance by One Out of Possession.*—Section 10, Code 1907, provides that the Code of 1907, shall not effect any existing right, remedy or defense, and hence, section 3839, Code 1907, does not authorize any defense to a statutory action of ejectment by one holding title by deed executed while another was in adverse possession of the land; the deed executed while another was in adverse possession was void as against the one holding the land adversely under section 1530, Code 1896, and this section was not affected, nor the rights and remedies thereunder changed by the Code of 1907.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Ejectment by J. F. Miller against Cuba Carr. Judgment for plaintiff and defendant appeals. Affirmed.

. J. M. MILLER, and DEGRAFFENREID & EVINS, for appellant.—Plaintiff was not entitled to recover and the court erred in giving the affirmative charge.—*Cofer v. Schening,* 98 Ala. 338; *Bruce v. Bradshaw,* 69 Ala. 360; *Scranton v. Ballard,* 64 Ala. 403; 78 Ala. 150. Parties may try their controversies on illegal evidence if they choose to do so.—*Moon v. Crowder,* 72 Ala. 79.

WILLIAM CUNNINGHAME, for appellee.—At the time the conveyance was made the land was held adversely and hence, the deed was void.—*Watson v. Macil;* 76 Ala. 600; *Humes v. Bernstein,* 72 Ala. 546; *Johnson v. Cook,* 73 Ala. 537. Under such circumstances the grantor in the deed could maintain ejectment against the adverse holder and the adverse holder could not plead the conveyance as a bar to the suit.—*Pearson v. King,* 99 Ala.

[Carr v. Miller.]

125; *Davis v. Curry*, 85 Ala. 133; *Brunson v. Morgan*, 85 Ala. 133; *Prestwood v. McGowan*, 128 Ala. 267. The provisions of the Code of 1907, does not affect the status here.—Section 10, Code 1907.

SAYRE, J.—Statutory action of ejectment by the appellee against the appellant. The plaintiff traced title, passing by sufficient muniments, from the defendant into himself, and then, probably anticipating the defense, proved the execution and delivery of a deed by himself to E. G. McNeill before suit brought, and that at the date of the last-mentioned deed the defendant was in posession of the land, holding the same adversely. To the case thus shown section 1530 of the Code of 1896, as amended by section 3839 of the Code of 1907, had no application.—Section 10, Code 1907. As the law then was, the deed from plaintiff to McNeill, though valid between the parties, was void as against the defendant. —3 Brick. Dig. p. 18, § 51. It conferred no rights against the defendant, and he could claim no benefits or defenses under it.—*Davis v. Curry*, 85 Ala. 133, 4 South. 734. Under the circumstances, which were shown without contradiction, the deed from plaintiff to McNeill was a warrant of attorney to McNeill to sue in ejectment in plaintiff's name. A suit by plaintiff to the use of McNeill would operate as an estoppel on plaintiff to deny, as against McNeill, the latter's title. But these were matters between plaintiff and McNeill, with which defendant had no concern. Under the undisputed evidence, the plaintiff was entitled to recover.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.