# Witherington *v*. White, *et al*.

## *Ejectment.*

(Decided Jan. 20, 1910.   51 South. 726.)

1. *Ejectment; Persons Entitled to Sue.*—Section 3839, Code 1907, does not divest title but merely affects the remedy, so that one who receives a deed while another is in adverse possession may bring suit in his own name instead of in the name of his grantor.

2. *Adverse Possession; Nature; Jury Question.*—Where the plaintiff in ejectment relies upon the adverse possession, and the evidence leaves the nature and continuity of the possession of an intermediate grantor, necessary to the tacking, in doubt, it is a question for the jury to determine, and their verdict cannot be properly directed.

3. *Appeal and Error; Harmless Error; Evidence.*—It is not necessary to show that title to the land sought to be recovered in ejectment has passed out of the government when both parties claim through a subsequent common source, yet the admission of the original track book in evidence is harmless, if error.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Ejectment by Chester G. White and others against J. E. Witherington. Judgment for plaintiffs and defendant appeals. Reversed and remanded.

L. M. LANE, for appellant. Where both parties claim through a common source, both are estopped from denying title to him through whom they claim.—3 Mayf. p. 124. The court erred in admitting deeds from *Knight to Knight,* and it was competent for defendant to show the mental incapacity of the grantor.—*Wilkerson v. Wilkerson,* 129 Ala. 279. Plaintiffs were not required to go behind the title of the common source.—*Florence B. & I. Assn. v. Shaw,* 107 Ala. 531. The court improperly directed the verdict.—*Bates v. Hart,* 124 Ala. 427. Section 2238, Code 1876, was in force

[Witherington v. White, et al.]

when the deed from Knight to his wife, was made, and under it the widow may retain the dwelling house and plantation free of rent, but such possession of the widow is a continuance of the possession of the deceased husband, and must be referred to it, however long the duration, but has none of the elements of a possession hostile or adverse to the heirs.—*Foy v. Wellborn,* 112 Ala. 160; *Robinson v. Allison,* 124 Ala. 328; s. c. 97 Ala. 596; *Stiff v. Cobb,* 126 Ala. 381. The court erred in excluding the defendant's evidence showing that he was in adverse possession of the land at the time the plaintiff's deed was executed.—*Ala. L. I. Co. v. Boykin,* 38 Ala. 512; *Maxwell v. Grace,* 85 Ala. 579; *Bernstein v. Humes,* 60 Ala. 602. A vendor is incompetent to testify as to transactions with the decedent relative to titles involved in the suit.—*German v. Brown,* 145 Ala. 364; *Moore v. Williams,* 129 Ala. 329; *Glover v. Gentry,* 112 Ala. 500.

EDWIN C. PAGE, for appellee.—Green Knight received value for the land, and his heirs will not be heard to assert that this is not the grantee's land after such a length of time.—*Woodstock I. Co. v. Fulenwider,* 87 Ala. 585; *Landsden v. Bone,* 90 Ala. 446; *Lowery v. Davis,* 8 South. 79; *Robinson, et al. v. Pierce,* 118 Ala. 273. The court properly permitted the signature of the deed to be shown.—*Torrey v. Forbes,* 94 Ala. 135. The deed was an ancient deed and entitled to admission as such.— *White v. Hutchens,* 40 Ala. 253; *Sharp v. Orme.* 61 Ala. 263; *Alexander v. Wheeler,* 78 Ala. 167. The deed was at least admissible as color of title.—*Gist v. Beaumont,* 104 Ala. 351; *Land Co. v. Kyle,* 99 Ala. 474.

SIMPSON, J.—This is a statutory action of ejectment by the appellees against the appellant. The plain-

tiffs, besides proof seeking to establish adverse posses-
sion, introduced a deed from Green Knight to Katy
Knight (his wife), July 26, 1876, a deed from Charles
Gainer (who testified that he is the only heir of Katy
Knight) to S. A. Wilson, January 21, 1907, and a deed
from S. A. Wilson to plaintiffs, January 22, 1907. The
defendant introduced a deed from Miles Riley, Amanda
Ingram, and Celie Riley, of date April 7, 1905, and from
Enoch Knight and Comelete Knight, of April 8, 1905,
conveying the land to defendant, with proof tending to
show that the grantors were brother, half-brother, and
sister of Green Knight.

There was no error in admitting the tract book to
show that the land had passed out of the United States
government. This was immaterial, at any rate, as both
parties claimed through Green Knight, and it was not
necessary to trace the title beyond him. The deed from
Green Knight to Katy Knight was signed by mark, and
the acknowledgment was insufficient; but the testimony
as to the handwriting of the witnesses to the deed was
sufficient to admit the same. The credibility of the wit-
ness, as to his knowledge of the handwriting, on account
of his age, was a matter for the consideration of the
jury.

The court erred in excluding the testimony in regard
to the mental condition of Green Knight at the time of
the executed of the deed to Katy Knight. The deed was
offered, without qualification, as a muniment of title,
and not merely as color of title. Hence the mental con-
dition of the grantor was important. Doubtless the idea
of the judge was that the adverse possession of Katy
Knight and Charles Gainer was conclusively proved,
and for that reason the mental condition of the grantor
was immaterial, as he subsequently gave the general
charge in favor of the plaintiffs; but we cannot say that

the proof was so clear and free from conflict as to justify the general charge. It is true that Gainer testified that he and his mother were in continuous possession, yet his subsequent testimony somewhat qualifies this statement, so that it cannot be said certainly whether he and his mother were in joint possession, whether she was in possession part of the time and he part of the time, or whether the possession of this particular tract, which was timber land, was open, notorious, and continuous. Besides, it is not clear that she was holding under the deed, rather than occupying her quarantine rights. All these matters were for the jury to consider. —Code 1907, § 3824; *Foy v. Wellborn,* 112 Ala. 160-164, 20 South. 604; *Robinson v. Allison,* 124 Ala. 328, 27 South. 461.

We do not attach any importance to the proof offered that the defendant was in the actual possession of the land at the time of the execution of the deed to plaintiffs, as section 3839 of the Code of 1907. does not attempt to divest any title, but merely to affect the remedy, so that one who receives a deed while another is in adverse possession may bring suit in his own name, in place of in the name of his grantor.

The court erred in giving the general charge in favor of the plaintiffs.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and MCCLELLAN and MAYFIELD, JJ., concur.