# Grant, *et al. v.* Nations.

## *Ejectment.*

(Decided April 11, 1911.   55 South. 310.)

1. *Ejectment; Defenses; Statutes; Retroactive Effect.*—The provisions of section 3839, Code 1907, do not affect the right of those holding adversely when the conveyance mentioned therein was executed before the Code took effect, since section 10 of the Code of 1907, expressly provides that the Code of 1907, did not affect any defense existing when it became effective.

2. *Appeal and Error; Harmless Error; Instructions.*—Where the plaintiff was not entitled to recover in any event, any error adverse to it relative to instructions was harmless.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Ejectment by W. J. Grant and others against A. L. Nations. Judgment for defendant and plaintiffs appeal. Affirmed.

TILLMAN, BRADLEY & MORROW, and M. M. BALDWIN, for appellant. The book known and designated as "Record of Tax Sales, No. 3," was not admissible in evidence for the purpose of showing that there had been a sale of the property described in the complaint for taxes due to state and county.—Acts of Alabama, 1898-1899, page 120; Code of 1907, Section 2310; Code of 1907, Section 2325; *Trotter v. Moog*, 150 Ala. 460; *Vadeboncoeur v. Hannon*, 159 Ala. 617. The deed from the Auditor to J. L. and Lee McGimsey was not properly admissible in evidence as color of title.—Authorities supra; Code of 1907, Sections 2323, 2324, and 2325. The appellants were the proper parties to sue for the recovery of the said property in an action in the nature of an action in ejectment.—Code of 1907, Section 3839; *Davis v. Curry*, 85 Ala. 133; *Pearson v. King*, 99 Ala. 125; *Witherington v. White*, 51 South. 726; *Carr v. Miller*, 161 Ala. 658; *Abbett v. Page*, 92 Ala. 571; *Scales v. Oates*, 127 Ala. 582; *Bernstein v. Hume*, 60 Ala. 582; *Coosa, etc. v. Barclay*, 30 Ala. 120; *Anonymous*, 2 Stewart 228; *Bartlett v. Lang*, 2 Ala. 401; *Aldridge v. Tuscumbia*, 2 Stewart & Porter, 199; *Ex parte Pollard*, 40 Ala. at page 92; *Jefferson County S. Bank v. Miller*, 145 Ala. 243; *Tutwiler v. Tuscaloosa*, 89 Ala. 397-8; *Thoe. Poull v. Hoy*, 159 Ala. 458-9; A. & E. Ency. of Law, Vol. 26, 695-697; Southerland on Stat. Con., 2nd Edition, Sec. 331, 572, 573, 283-284; Cooley Const. Lim., 7th Edition, 515 et seq., 528 et seq.; *Danforth v. Graton Water Co.*, (Mass.) 86 Am. St. Rep. p. 495; *Goshen v. Stonington*, (Conn.) 10 Am. Dec. p. 136. Adverse possession of the said property on the part of the appellees for any period of time *less than ten years* could not vest them with title or defeat a recovery of the property by appellants. —Code of 1896, Sections 4100, 4101, and 4102; Acts of

1898-1899, p. 120; *Brandon v. Williams,* 157 Ala. 386; *Vadeboncoeur v. Hannon,* 159 Ala. 617; *Trotter v. Moog,* 150 Ala. 460.

JOHN T. GLOVER, for appellant. There was no. error in admitting the tax sale records.—*Vadeboncoeur v. Hannon,* 159 Ala. 617. Irrespective of its irregularity, the tax sale put in operation the statute of limitation of three years, and was, therefore, admissible for the purpose of showing said date.—*Long v. Boast,* 44 South. 955. The deed from the auditor was not offered as a muniment of title, but as color of title, and as putting in force the statute of limitations of three years.— *Trotter v. Moog,* 150 Ala. 460; see also, *Long v. Boast, supra; Vadeboncouer v. Hannon, supra; Carter v. Chevalier,* 108 Ala. 563; *Reddick v. Long,* 124 Ala. 261. The statute of limitations in effect at the time of the trial, controls.—*Moog's case, supra.* The deed from Evers to White was absolutely void as to appellee because delivered and accepted at a time when the defendant was in open and notorious possession. Sec. 3839 can have no operation upon the present case.—*Davis v. Curry,* 4 South. 734; *Pearson v. King,* 10 South. 919; *Bernstein v. Humes,* 60 Ala. 582; *Yarbrough v. Avant,* 66 Ala. 526; *Carr v. Miller,* 161 Ala. 658.

McCLELLAN, J.—Statutory ejectment. From a judgment for defendant, plaintiffs appeal.

An essential (to their recovery) link in the chain of plaintiffs' asserted title to the land in question is the deed from William A. Evers to Lee White, of date March 2, 1907. The testimony shows, without dispute, that on that date and prior thereto the land in controversy was held, adversely, by the McGimseys (defendants), and "that neither of the plaintiffs, nor said Lee

White, their grantor, nor the said William A. Evers, grantor of the said Lee White, had been in possession of the property since the 7th of September, 1903. * * *"

In the Code of 1907, which became effective after the deed from Evers to White was executed, the following provision was, in section 3839 of that codification, added to section 1530 of the Code of 1896: "Action in the Nature of Ejectment. * * * This action must be brought in the name of the real owner of the land, or in the name of the person entitled to the possession thereof, though the plaintiff may have obtained his title thereto by a conveyance made by a grantor who was not in possession of the land at the time of the execution of the conveyance thereof. * * *" The quoted provision of the statute (section 3839) is without force to affect the rights of the defendants, who held adversely when the conveyance was executed.—*Davis v. Curry*, 85 Ala. 133, 4 South. 734; *Carr v. Miller*, 161 Ala. 658, 49 South. 802.

By express limitation in Code 1907, § 10, that codification did not affect any defense existing at the time it became effective. In *Skains v. Barnes*, 168 Ala. 426, 53 South. 268, consideration was given the term *defense*, employed in this section and in section 95 of the Constitution. The law in force and effect when the conveyance from Evers to White was executed (March 2, 1907) rendered that conveyance void, an utter nullity, as to these defendants.—*Dexter & Allen v. Nelson*, 6 Ala. 68; *Harvey v. Carlisle*, 23 Ala. 635; *Bernstein v. Humes*, 60 Ala. 582, 31 Am. Rep. 52; *Davis v. Curry*, 85 Ala. 133, 4 South. 734; *Mahan v. Smith*, 151 Ala. 482, 44 South. 375; *Carr v. Miller*, 161 Ala. 658, 49 South. 802.

The legal result, protective of the rights of the adverse holders, was a defense within the mentioned limi-

[Grant, et al. v. Nations.]

tation.—Code, § 10; *Bridges v. McClendon,* 56 Ala. 327. If the statute (section 3839) was susceptible of a construction that would abrogate the common-law doctrine before stated, that consequence would not have been affected by the establishment, as appellants contend was done by that section, of a mere rule of evidence. If the statute was given that construction, and was applied here, the effect would be, obviously, to validate, as against these defendants, a conveyance that, when executed, was void as to them. A legislative effort similar in principle to that was pronounced constitutionally invalid by this court in *Alabama Life Insurance Company v. Boykin,* 38 Ala. 510.

Accordingly, in no event, under this record, could the plaintiffs recover in statutory ejectment; and, in consequence, the errors assigned were, if errors, innocuous to plaintiffs.

The judgment of the court is affirmed.

Affirmed.

SIMPSON, MAYFIELD, and SAYRE, JJ., concur.

McCLELLAN, J.—An esteemed practitioner in this court has very kindly called our attention to the fact that this decision is immediately opposed to the proposition stated in the first headnote, in the report of *Witherington v. White,* 165 Ala. 316. Having been delivered at this term (April 11th, 1911), *Grant v. Nations* is still within the control of the court. The court has again fully considered the ruling in question; and thereupon re-affirms the ruling in *Grant v. Nations* and overrules, in this particular, *Witherington v. White,* 165 Ala. 316.

DOWDELL, C. J., and ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.

SIMPSON, J. (dissenting.)—It is the opinion of the writer, in which MAYFIELD, J., concurs, that the change made by section 3839 of the Code of 1907, affects only the *"form* of the remedy."

Section 10 was first changed in the Code of 1896, by the addition of this clause—"But this section does not apply to changes in forms of remedy, or defense, to rules of evidence, nor to provisions authorizing amendments of process, proceedings or pleadings in civil causes."

This court has held that "A conveyance of land adversely held authorizes the grantee therein to use the grantor's name in a suit for the recovery of the property; and the grantor can not prevent such use of his name by the grantee."—*Pearson v. King,* 99 Ala. 126, 129.

So the only change wrought by section 3839 is to authorize the vendee to bring suit in his own name in place of that of his grantor, which is clearly the "form of the remedy." It does not affect any "existing right, remedy or defense," but only the form of it. His rights are the same, he has the same remedy, to-wit, by action in the nature of ejectment, and the results are precisely the same, whichever form of remedy is used.

We therefore think that the rule declared in *Witherington v. White et al.,* 165 Ala. 319, is correct.