# Williams, *et al. v.* Bedsole.

*Ejectment.*

(Decided Nov. 23, 1911.　56 South. 567.)

1. *Adverse Possession; Acquiescence in Established Boundary; Effect.*—Where at the request of adjacent land owners, the county surveyor surveyed and marked on the ground a boundary line between said landowners which was treated by the owner as the true line for ten years or more, the parties acquired title by adverse possession to the line as established, and an owner could not thereafter recover on establishing a different line by a new survey.

2. *Ejectment; Champerty; Statute.*—Section 3839, Code 1907, took effect from its adoption and has no application to deeds made before its last amendment.

[Williams, et al. v. Bedsole.]

APPEAL from Henry Circuit Court.

Heard before Hon. MIKE SOLLIE.

Ejectment by S. L. Bedsole against W. F. Williams and others. Judgment for plaintiff and defendant appeals. Reversed and remanded.

The following charges were refused the defendant: (a) The court charges the jury that if they believe from the evidence that the defendant Brown was in the actual, adverse possession of the lands sued for, claiming the same as his own at the time the deeds offered in evidence by the plaintiff were made, then said deeds were void as to defendant. (b) If the jury believe from the evidence that the defendant is in the actual, open, notorious, adverse possession of the lands sued for, claiming and holding the same adversely, and to the exclusion of all others at the time the deed under which plaintiff claims title, was executed and delivered to plaintiff, they must find for the defendant.

H. L. MARTIN, for appellant. The court erred in sustaining objection to the testimony that the two owners agreed on the line.—3 Mayf. 469, 635 and 637; *City L. & B. Co. v. Pool,* 149 Ala. 168. On these authorities, the court erred in refusing charges A and B. Where a defendant shows a bona fide claim of purchase and inheritance, it is not necessary that the notice provided for by section 1541, Code 1896, be filed.—121 Ala. 664; 139 Ala. 346; 159 Ala. 641. The title was void as to Brown.—161 Ala. 658.

W. L. LEE, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This is a statutory action, in the nature of ejectment, to recover a strip of land about 70 yards wide and three-fourths of a mile in length,

[Williams, et al. v. Bedsole.]

claimed by plaintiff to be a part of the E. ½ of the S. E. ¼ and of the S. E. ¼ of the N. E. ¼ of section 11, township 8, range 26 E., Henry county, Ala.

The only dispute is this boundary line between two coterminous owners; the plaintiff owning the land east of the true line, and the defendants, that west of such line. This disputed boundary is the line that separates the eastern tier of forties, in section 11, from the second tier, lying just west thereof, in the same section. The line in dispute was therefore never actually run or traced in the original government survey of the public lands. It was for this reason only an imaginary line supposed to be one-fourth of a mile west of, and parallel with, the eastern boundary line of section 11, and 3¼ miles east of, and parallel with, another line dividing the section into the east and west halves.

So far as the record shows, this line was never actually surveyed, ascertained, or marked, until the year 1891, when it was surveyed and marked by the county surveyor, at request and by consent of the coterminous owners, one of whom was the present defendant, appellant here; and the other, one Thomas, through whom the plaintiff, appellee here, claims title.

The evidence is overwhelming, if not conclusive and without substantial dispute, that this line as then surveyed and marked out was treated by the respective owners as the true boundary line. The line was from that time a real and ascertained one, and not a mere imaginary one. It was unquestionably treated as the boundary line, until the plaintiff (we must infer) had the line run by a surveyor, who probably located the line 70 yards east of the line located by the survey in 1891. The evidence as to a second survey is very meager. It is as follows: "The plaintiff then introduced W. C. Koonce as a witness, who testified as

follows: The plaintiff exhibited to him a map of the land in controversy. I made said plat. I know where the 70 yards that is sued for is. The map shows the three forties known as the Bedsole forties, being 70 yards across the west side of said three forties, and it is the land in controversy. It is my judgment as a surveyor that the land in controversy belongs to the Bedsole forties, and the map shows the correct line."

This evidence was not objected to, and seems to be treated by counsel as referring to a second survey, while, as a matter of fact, it is merely testimony in the nature of expert opinion, by this witness, that the line shown on the map is the correct line. It does not show that any survey was actually made, nor, if it was made, how it was done. As counsel and the trial court seem to have treated it as a survey, we will so consider it; but even treating it as a survey made at the instance of plaintiff—which is the most that could be conceded to be shown—would not establish it as a boundary line, in the face of the fact that another and different survey had been made 10 years or more, previous thereto, and had been so long treated as indicating the true boundary line. If we should concede (which, of course we cannot) that the line shown on this map is the true western boundary of the land described in plaintiff's deed, yet if the other evidence, that of defendant and that of plaintiff himself, is true, the defendant had acquired title to the disputed strip of land, by adverse possession, long before this suit was brought. The plaintiff himself testified as follows, as to defendant's adverse possession: "When I bought the land from Manasssas, there was a fence between the land owned by Mr. Brown and the land I bought for about three-fourths of a mile. The land I am suing for is on the west side of that fence, except the one-fourth acre and

the acre referred to above. I reckon Mr. Brown, the defendant, was in possession of that land on the west side of the fence when I bought it. Mr. Brown had control of it, that is, the land on the west side of the fence, and was in possession of it, and it was on his side of the fence."

It is unnecessary to pass upon the various exceptions to rulings upon the evidence, as those of most importance seem to have been based upon the forms of the questions—such as, that they are leading, etc.—rather than upon inadmissibility, irrelevancy, or incompetency.

We do not think that the plaintiff was entitled to recover in this action, under the evidence as shown by the record—and the record purports to contain all of it.

Prior to the adoption of the new Code of 1907, the two charges "a" and "b" refused to the defendant, would have been proper, and it would have been error to refuse them. Charge "a" unquestionably asserted a correct proposition of law, and under the recent rulings of this court charge "b" was correct and should have been given.—*Carr v. Miller*, 161 Ala. 658, 49 South. 802.

The writer and Justice SIMPSON are of the opinion that the effect of the amendment to section 3839 of the Code was to change this rule of champerty; that the change only affected a rule of evidence, and not the rights of the parties; and that it should apply to conveyances made before, as well as to those made after, its passage, as was held in the case of *Witherington v. White*, 165 Ala. 316, 51 South. 726, but the majority of the court are of a different opinion, and have since expressly overruled the above case. *Grant v. Nations*, 172 Ala. 55 South. 310.

But whatever may be held as to this, it is certain that the plaintiff ought not to have recovered in this action,

and that the trial court should have granted a new trial, as was moved for by the defendant.

Reversed and remanded.

All the Justices concur.