[McIntosh v. Windham.]

# McIntosh *v.* Windham.

*Ejectment.*

(Decided Nov. 30, 1911.  56 South. 1020.)

1. *Ejectment; Notice; Instructions.*—Where the evidence was in conflict as to whether the defendant was in possession of the land when the plaintiff received his deed, a charge was properly refused which asserted that if a former owner executed a deed to defendant, delivering it to a third person to be delivered to the defendant, the defendant must recover, since it did not require that plaintiff have notice of the deed.

2. *Same; Evidence.*—Where one H. testified that timber was sold for him under an agreement, which he stated, the plaintiff was properly permitted to show by the defendant that the defendant sold timber for a certain amount, and sent the proceeds to said H.

3. *Same; Complaint; Description.*—Where the complaint gave the length and width of a tract of land, located it as beginning at a definite corner, and further identifying it as land being cultivated by a designated person, it sufficiently described the land to warrant recovery and to support the judgment.

4. *Same; Champerty and Maintenance; Lands Held Adversely.*— A conveyance of land made prior to the enactment of section 3839, Code 1907, and at a time while another was in possession holding adversely to the grantor, exercising acts of ownership and claiming to be in the rightful possesion thereof, though having no color of title, is void as to such possessor, and will not support ejectment by the grantee. This has no application, however, to deeds made since the enactment of said statute.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by H. A. Windham against Dan McIntosh. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The following charges were requested by defendant and refused.  (2) "If the jury are reasonably satisfied from all the evidence that Holloway executed a deed to the land in controversy to Dan McIntosh, and delivered the deed to C. W. Baston for him to deliver to McIntosh, and that was the agreement of the parties, then the verdict must be for the defendant."  (3) "I charge you,

gentlemen of the jury, that a conveyance of land which at the time of execution of the deed is in possession of one holding adversely to the grantor, and exercising acts of ownership, and claiming to be in rightful possession, though having no color of title, is void as to the persons holding adversely, and will not support an action of ejectment by the grantee against such adverse holding."

The third assignment of error is as follows: "In overruling defendant's objection to the following question propounded by plaintiff to defendant: 'Is it not a fact that you sold the timber for $52.50?'" Assignments 4: "In not excluding the answer of the witness as follows: 'No sir; I sold the timber for $50, and sent $40 to Holloway and kept $10.'"

Charge 1, requested by the defendant and refused, is as follows: General affirmative charge to find for the defendant.

H. L. MARTIN, for appellant. The deed made the plaintiff while the defendant was in the adverse possession of land was void and would not support ejectment by the grantee, and hence charge 3 should have been given.—*Davis v. Grant,* 55 South. 210; 161 Ala. 658. Charge 2 should have been given on the same authority. Counsel discusses assignments of error relative to evidence, but without further citation of authority. As to charge 3, counsel also cites *Grant, et al. v. Nation,* 55 South. 310.

C. W. SIMMONS, for appellee. The court properly refused charge 3.—Section 3839, Code 1907; *Witherington v. White,* 165 Ala. 319. Counsel discusses the other assignments of error, but without citation of authority.

SIMPSON, J.—This is a statutory action of ejectment, by the appellee against the appellant. The plain-

[McIntosh v. Windham.]

tiff proved a chain of conveyances from the government down to himself, starting with a patent from the United States to Joseph B. Holloway, dated June 10, 1892, a deed from said Holloway to Snellgrove & Law, dated January 8, 1906, etc.

The defendant introduced evidence for the purpose of showing that, in the spring of 1904, said J. B. Holloway signed and acknowledged a deed, conveying the land in question to Dan McIntosh, which deed was never delivered to said McIntosh, but was delivered to one Baston, to be delivered to said McIntosh, and subsequently was returned to Holloway, who stated that he would deliver it to McIntosh.

The claim of the defendant is that the delivery to Baston was in accordance with the instructions of McIntosh, and that the delivery to Baston was really a delivery to McIntosh, although the deed never actually came into the hands of McIntosh.

The evidence is in conflict as to whether there were any numbers of land in the deed which was acknowledged before, and left with Baston, and J. B. Holloway, the grantor, testified that it was not intended to be delivered as a deed at all, but was signed only to enable Dan McIntosh to sell some timber for him, and that the $40 subsequently paid to him was merely for the timber which had been sold for him, although he told Dan McIntosh that, if he wanted the land for $100, he could have it, and that said McIntosh afterwards told him that he did not wish to take the land at all.

There is a conflict in the testimony as to whether any one was in possession of the land at the time the deed was made to the plaintiff, also as to whether, if McIntosh was in possession, he was holding it adversely, or as tenant of his brother, who states that he never claim-

ed to own the land, but only told his brother he could occupy it.

There was no error in the refusal to give charge 2, requested by the defendant. It does not hypothesize that the plaintiff had any notice of the deed which purports to have been made to Dan McIntosh, and, as the evidence is in conflict as to whether he was in possession at the time the deed was made to the plaintiff, it cannot be said to be a matter of law that the plaintiff had notice by possession.

The court erred in refusing to give charge 3. Under the interpretation by this court, of section 3839, Code of 1907 (*Grant v. Nations,* 172 Ala. 83, 55 South. 310), said charge states the law, as applied to the facts of this case; the conveyance in question having been made before the enactment of said section.

Referring to the third and fourth assignments of error, there was no error in overruling the objection to the question and the motion to exclude the answer as to the sale of the timber and the disposition of the proceeds, as it tended to corroborate the testimony of Joe Holloway that the timber was sold for him, under the agreement testified to by him.

There was no error in refusing to give charge 1, requested by the defendant. The description in the complaint is sufficiently definite to warrant a recovery. It gives the length and the width of the strip, locates it as beginning at the S. E. corner of said N. W. ½ of N. W. ¼, and further identifies it as the strip "now being cultivated by Walter Clemons."

For the error noted, the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur, save DOWDELL, C. J., not sitting.