# Curtis. *v.* Riddle.

## *Ejectment.*

(Decided June 4, 1912.   59 South. 47.)

1. *Vendor and Purchaser; Bona Fide Purchaser; Unrecorded Deed.*—The holder of a deed to land made subsequently to another deed to the same land, and based on a mere nominal, rather than valuable consideration is not protected as a bona fide purchaser under section 3383, Code 1907, and the grantee in the prior unrecorded deed based on a valuable consideration held the legal title.

2. *Same; Conveyance While in Adverse Possession.*—Section 3839, Code 1907, abolishes the rule as to champerty and maintenance rendering a deed invalid to land held adversely by another, but is not retroactive and has no application to deeds made before its adoption, and hence, where a deed to the plaintiff was made in 1902 while defendant was in adverse possession of the land, plaintiff was not entitled to recover as against such defendant, and the court was justified in giving the affirmative charge for the defendant.

3. *Same; Appeal and Error; Harmless Error; Evidence.*—Erroneous rulings on evidence relating to matters that would not have the effect to change the result are harmless.

APPEAL from Winston Circuit Court.

Heard before Hon. W. B. BANKHEAD, Special Judge.

Ejectment by L. B. Curtis against M. F. Riddle. Judgment for defendant and plaintiff appeals. Affirmed.

JAMES J. RAY, for appellant.   The court erred in admitting the deed made by the Richardson L. Co.—111 Ala. 415; 87 Ala. 569; 78 Ala. 88; 68 Ala. 229.   If the Richardson Lumber Company was a corporation the deed is void and, if a partnership, the situation is still worse.—27 Ala. 644; 29 Ala. 623; 56 Ala. 43; 60 Ala. 448; 91 Ala. 123.

TRAVIS WILLIAMS, for appellee.   Principles of law involved in this case are elementary, and were so clearly stated by the court that it is not deemed necessary to

[Curtis v. Riddle.]

cite authorities in support of the ruling of the lower court.

ANDERSON, J.—This is a statutory action of ejectment. Both parties claim title to the land through a common source, John S. Curtis; the plaintiff claiming through a deed made in December, 1900, but which was not recorded until September, 1905. The defendant claims under a deed from the said John S. Curtis to Otwell et al., executed on January 3, 1902. If the deed made by the said John S. Curtis to the plaintiff's predecessor in title in 1900 was valid as against this defendant and those under whom he claims title, then the plaintiff proved a superior title, as the said John S. Curtis had parted with the legal title when he made the deed to Otwell et al. in 1902.

It is suggested, however, that, as the said deed of 1900 was not recorded when the deed of 1902 was made, said first deed was void as to the grantees in the deed of 1902-7. It must be observed that section 3383 of the Code of 1907 is intended to protect purchasers for value and not those who get a subsequent deed without a valuable consideration. Indeed, the deed shows upon its face that it was for a mere nominal consideration. Therefore, the plaintiff would have been entitled to the general charge but for the fact hereinafter discussed. Nor could those holding under Otwell et al. claim that the deed of 1900 was void under the statute, as said deed was on record when the subsequent deeds were made.

The undisputed evidence shows that the defendant and those under whom he claims were in the adverse possession of the land when the deeds to plaintiff and her immediate grantor were executed. These deeds were, therefore, invalid as to this defendant, and this fact justified the trial court in giving the general charge

for the defendant.—*Mahan v. Smith,* 151 Ala. 482, 44 South. 375, and cases there cited. It is true that this rule has been abolished by section 3839 of the Code of 1907, but it has been several times held by this court that said section did not apply to deeds made before the adoption of the present Code.—*Grant v. Nations,* 172 Ala. 83, 55 South. 310; *Seabury v. Hemley,* 174 Ala. 116, 56 South. 530; *Singleton v. Jackson, Infra,* 59 South. 45.

The rulings of the trial court upon the evidence, as excepted to by the appellant, whether right or wrong, did not relate to any matters that could change the result, and, if there was error, it was error without injury. The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur.