# Burnett *v.* Roman.

### *Ejectment.*

(Decided April 15, 1915. 68 South. 353.)

1. *Deeds; Evidence; Construction.*—Where defendant relied on the fact that plaintiff, purchaser of the lands at a judicial sale, had conveyed lands described as all the lands purchased at judicial sale, except those previously sold, such conveyance being subsequent to the institution of the action, and the filing of the plea of not guilty, the question whether the land involved was within the exception, was a question of fact.

2. *Deeds; Description; Sufficiency.*—A deed by a purchaser of lands at a judicial sale is not rendered inadmissible as evidence of the property conveyed because it fails to describe the lands conveyed by government numbers.

3. *Evidence; Record of Conveyances; Provisions.*—The purpose of section 3374, Code 1907, as amended by Acts 1909, p. 14, is to facilitate the availability of conveyances as evidence, and the statute is to be liberally construed, and under it, certified copies of conveyances, acknowledged or proved and recorded, are admissible in lieu of evidence of due execution of the instrument, subject to the exceptions stipulated.

4. *Same.*—Under section 3374, Code 1907, as amended by Acts 1909, p. 14, a properly certified copy of a deed conveying land in two counties, and recorded in one county, is admissible, notwithstanding the provisions of section 3372, Code 1907.

5. *Ejectment; Defenses; Pleading.*—In ejectment a defendant may set up matter appropriate to a special plea puis darrein continuance by such a plea, or put such matter in issue under the general issue, and where a defendant files such a special plea, he is entitled to have its sufficiency considered and determined as special pleas of that nature are ordinarily considered and their sufficiency determined.

6. *Same; Title of Plaintiff.*—In order to prevail in statutory eject- ment a plaintiff must show a right to possession at the time of the commencement of the action and at the time of the trial, and where he has voluntarily parted with the title pending the action, he cannot recover.   .

7. *Champerty and Maintenance; Conveyance; Pending Suit.*—Where the land is in controversy in statutory ejectment, and the plaintiff therein executes a conveyance of it pending the action, and after defendant has filed a plea of not guilty, and after the provisions of section 3839, Code 1907, became effective, such action defeats a recov- ery and permits defendant to avail himself of the conveyance in defense.

APPEAL from Lawrence Circuit Court.

Heard before Hon. C. P. ALMON.

Statutory ejectment by F. Roman as trustee, against Henry Burnett. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

G. O. CHENAULT, for appellant.

O. KYLE, D. C. ALMON, J. B. BROWN, and J. M. IR- WIN, for appellee.

McCLELLAN, J.—Statutory ejectment by the appel- lee against the appellant. The original complaint was filed July 31, 1907; and service of process was effected August 7, 1907. On September 3, 1907, the defendant filed two pleas, viz., the general issue and the short stat- ute of limitations of three years.

On June 4, 1913, the defendant filed the following duly verified special plea, numbered 3: "The defendant for further plea to plaintiff's complaint says that after

the commencement of this suit, and after this defendant had filed his plea of not guilty, by deed dated June 1, 1911, the said plaintiff conveyed all the title or interest held by him in the land sued for, when he began this suit, to Cullman Property Company, and he pleads said sale and conveyance in bar of the further prosecution of this suit."

On the same day the plaintiff demurred to the special plea. The court sustained the demurrer.

According to the plaintiff's theory and contention, the trustee, Roman, had purchased the Lawrence county lands in suit, with others situate in Morgan county, at a judicial sale.

During the reception of the defendant's evidence, he offered a copy of a conveyance, of date June 1, 1911, conforming to that described in plea 3, which plea was, as stated, stricken on demurrer. This copy purported to be a copy of a conveyance acknowledged and *recorded* in the Morgan county probate office. The copy offered was certified by the judge of probate of Morgan county. There was no offer of a certified copy of the instrument as under the authority of the judge of probate of Lawrence county, wherein the land in suit is situate.

(1, 2) It is entirely clear that the asserted conveyance, of date June 1, 1911, by the trustee, Roman, to the Cullman Property Company, effected to *quitclaim* the trustee's title to or interest in all the lands purchased by him at the mentioned judicial sale, *except those theretofore sold.* Such is the express general description in the asserted conveyance of June 1, 1911. Whether the lands in suit, in whole or in part, were within the exception stated in the asserted conveyance of June 1, 1911, was a question of fact to be determined upon evidence appropriate to its solution. The omission to describe lands, other than those situate in Mor-

gan county, by government numbers, did not *itself* operate to render the conveyance of June 1, 1911, inadmissible as evidence.

(3, 4) Aside from conditional provisions therein made, but not here important, the act approved August 18, 1909 (Acts Sp. Sess. 1909, p. 14), amendatory of Code (1907) § 3374, provides: "When Self-Proving—Certified Copy Evidence.—Conveyances of property, real or personal, or * * * any interest therein, whether absolute or on condition, which are acknowledged or proved according to law, and recorded, may be received in evidence in any court without further proof. * * *"

It is insisted, in effect, that a certified copy of a conveyance of land is *not* within the quoted statute, unless the certificate is made by the custodian or officer (judge of probate) of the county in which the lands involved lie. Of course the certification required by the statute cannot be made by such a custodian or officer, unless the instrument is of record in his office.

Another statute (Code, § 3372) provides: "Conveyances of real property must be recorded in the county in which such property is situated."

The original (section 3374) and the amendatory act, ante, are remedial in nature and purpose.—2 Lewis' Sutherland on Stat. Constr. § 638. The legislative intent was to facilitate the evidential availibility of conveyances within the purview of the statutes.

Certified copies of conveyances, acknowledged or proved according to law, *and recorded,* are made admissible, subject to the exceptions stipulated in the amendatory act, in lieu of evidence showing due execution of the instrument. It is the judicial duty to construe statutes of this nature liberally, to the end that the legislative purpose may be advanced and the rem-

edy effected.—*Sprowl v. Lawrence,* 33 Ala. 674, 686. The statute does not provide in terms that the recording prescribed shall be *in the county where the land is situate.* Must the statute be read as if the above italicized expression was set in the statute just after the word "recorded?"

In view of the remedial character and purpose of the statute, we do not think the reference to recordation should be so restricted in its meaning or effect, and so notwithstanding the provisions before quoted from section 3372. Were the question one of *notice,* there would, of course, be no possible doubt that the registration (recording as the pertinent statutes contemplate) exacted for conveyance is a filing for record in the county where the land lies. The statute under consideration does not in any way concern *notice* as the result of registration. Its whole office is to treat of and to define a rule of evidence "for the convenience of suitors." The bases of the statute-established rule which averts the necessity for the usual means of proof of execution of a conveyance are proof of execution, in one of the two modes prescribed, *and* recording; both being acts evidentiary of good faith and of the integrity of conveyances thus filed in, and set forth upon the records of, a public office.

Now to once *record* a duly acknowledged conveyance in one probate office, where the conveyance could be lawfully filed for record, certainly answers, for every practical purpose, the manifested good faith and integrity upon which the statutory rule is rested. To *record* a duly acknowledged conveyance in two such offices could add nothing to the assurance of integrity upon which the statute predicates its rule. So, when a duly proven conveyance affects lands or interests situate in two or more counties and is recorded in one of them, a

copy thereof, duly certified by the proper custodian of the records of the county where the conveyance was recorded, is within the provisions of the amendatory act of 1909, and such copy should be received in evidence, if otherwise admissible, unless the conditions, as prescribed in that act, render such certified copy ineffectual.

In sustaining the demurrer to special plea 3, set out above, and in excluding the conveyance of June 1, 1911, from admission to the jury, the court proceeded on the theory that the conveyance of June 1, 1911, was void because the land in suit was then held adversely by this defendant. The demurrer contained no ground even intimating that the matter of the special plea was, if available at all, serviceable under the general issue. The theory stated was that under which alone the really substantial grounds of demurrer were drawn.

(5, 6) According to the decision in *Etowah Mining Co. v. Carlisle,* 127 Ala. 663, 29 South. 7, the defendant, in an action of ejectment, has the option to set up matter appropriate to a special plea puis darrein continuance by such a plea, or to put the same matter in issue under the general issue; but if the defendant does not interpose a special plea of puis darrein continuance, and upon the trial presents evidence, as he would do under the general issue, of matter that would have been appropriate to such a special plea, the result will not be affected by the mere fact that no special plea of puis darrein continuance was not interposed by him. If the special plea is filed, it is the defendant's right to have its sufficiency considered and determined as special pleas of that nature are ordinarily considered and their sufficiency determined. The plaintiff in statutory ejectment must, in order to prevail, show the right to the possession at the time the action was commenced

as well as at the time of the trial. If the plaintiff has effectively voluntarily parted with the title to the property in suit during the pendency of the action, and this is shown on the trial, the plaintiff cannot have judgment.—*Brimson v. Morgan,* 86 Ala. 318, 320, 5 South. 495; *Davis v. Curry,* 85 Ala. 133, 4 South. 734; *Hairston v. Dobbs,* 80 Ala. 589, 2 South. 147.

(7) Before the addition to the statute (Code 1907, § 3839), a conveyance of land held adversely was valid between the parties but wholly void as against the adverse holder.—*Davis v. Curry, supra; Grant v. Nations,* 172 Ala. 83, 55 South. 310; *Curtis v. Riddle,* 177 Ala. 128, 59 South. 47. The addition to the statute avoided the stated effect of the law upon subsequently executed conveyances of land adversely held; but such addition to the statute has no application to conveyances made before the statute became operative.—*Grant v. Nations, supra.* The conveyance here under view was made after the statute went into effect. Section 10 of the Code of 1907 is without any influence in the premises. The conveyance, asserted to have been made June 1, 1911, was a voluntary act which, when done, became subject to the government of then existing positive law. The pendency of this action did not afford any restraint upon the will of the plaintiff to divest himself of a right to recover therein, nor conclude the defendant from availing, in defense, of the voluntary act of the plaintiff in denuding himself of any right to judgment in this action. The court erred in sustaining the demurrer to special plea 3, and also in excluding from evidence the conveyance of June 1, 1911.

The judgment is reversed and the cause is remanded. Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.