(87 South. 351)

## GERALD et al. v. HAYES et al. (5 Div. 766.)

(Supreme Court of Alabama. Dec. 16, 1920.)

**1. Ejectment ⊗⇒9(3)—Plaintiff must recover on the strength of his own title.**

The general rule in ejectment is that plaintiff must recover on the strength of his own, and not on the weakness of the title of his adversary.

**2. Evidence ⊗⇒473—Adverse claimant may testify as to possession.**

In ejectment where defendants relied on adverse possession, testimony of one of defendants as to the collective fact of her possession for 30 years, the continuous listing of the land for taxes, and payment thereof, was competent.

**3. Adverse possession ⊗⇒31—Hostile possession of land is "adverse possession."**

The possession of land under claim of ownership hostile to the title of the true owner is "adverse possession," and neither the claim of the real title in good faith nor color of title is essential; the actual possession in such case being equivalent to notice.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adverse Possession.]

**4. Champerty and maintenance ⊗⇒7(2)—Conveyance of land in possession of adverse holder without color of title void.**

Prior to the adoption of Code 1907, § 3839, allowing statutory ejectment to be brought in the name of the real owner who has obtained his title by conveyance of a grantor not in possession at the time of execution of the conveyance, a deed executed by a grantor out of possession was void as to the adverse claimant, who was in possession, though such claimant had no color of title.

**5. Adverse possession ⊗⇒63(4)—Champerty and maintenance ⊗⇒7(2)—Presumption that grantor remaining in possession holds as tenant by sufferance does not extend to subsequent grantee; conveyance during such possession was void.**

While Code, § 3364, declares that the property and possession of a grantor pass as fully by conveyance as if seizin had been formally delivered, and it is the rule that, if a grantor remains in possession, he is presumably but a tenant by sufferance of the grantee, and nothing short of an express disclaimer of such a relation and a notorious assertion of title in himself will be sufficient to change the character of his possession and render it adverse to that of the grantee, that rule does not apply in favor of a subsequent grantee, and, where the grantor remained in possession claiming the property adversely, a conveyance to a subsequent grantee was void prior to the adoption of Code 1907, § 3839.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Ejectment by Lawrence F. Gerald and others against Canitt Hayes and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Plaintiffs claim as the heirs of I. S. Gerald, and as their claim of title they introduced the original patent from the government to Jake Hayes; deed from Jake Hayes and wife to J. W. Franzen; deed from Franzen and wife to I. S. Gerald, and the death of Gerald.

Lawrence F. Gerald, of Clanton, and F. B. Collier, of Yreka, Cal., for appellants.

The court was in error in instructing a verdict for the defendant. 151 Ala. 482, 44 South. 375; 177 Ala. 140, 58 South. 419; 60 Ala. 582, 31 Am. Rep. 52; 72 Ala. 541; 76 Ala. 343; 78 South. 47; 178 Ala. 375.

Grady Reynolds, of Clanton, for appellees.

The court properly directed the verdict for the defendant. 151 Ala. 482, 44 South. 375; 60 Ala. 582, 31 Am. Rep. 52; 75 Ala. 241; 91 Ala. 641, 8 South. 377, 24 Am. St. Rep. 934; 92 Ala. 559, 9 South. 368.

THOMAS, J. [1] The suit was ejectment for the recovery of $^{79}/_{80}$ undivided interest in lands. When the evidence was concluded, the court gave the general affirmative charge at defendant's request in writing, for reasons stated. The general rule in ejectment is that plaintiff must recover on the strength of his own, and not the weakness of the title of his adversary. Mahan v. Smith, 151 Ala. 482, 44 South. 375.

[2] The evidence was that the patent to the land was duly issued; that Jane Hayes went into possession of the same and had continuously lived thereon since 1890, claiming it as her own, continually paying taxes on it and had a "deed to it"; and that this possession and claim of ownership extended to the date of the trial. It was competent for Jane Hayes to testify to the collective fact of her possession for 30 years, the continuous listing of the lands for taxes, and

payment of the same. McMillan v. Aiken, ante, p. 35, 88 South. 135.

[3, 4] The possession of land under claim of right or ownership, distinct from, and hostile to, the title of the true owner, is adverse possession, neither claim of the real title in good faith nor color of title being essential; and such actual possession, being a patent fact, furnishes evidence of its own existence, and is the equivalent of actual notice of the claim under which it is held. Murray v. Hoyle, 92 Ala. 559, 9 South. 368; Newsome v. Snow, 91 Ala. 641, 8 South. 377, 24 Am. St. Rep. 934; Bernstein v. Humes, 75 Ala. 241, 244; Reynolds v. Kirk, 105 Ala. 446, 17 South. 95. It was competent to show defendant's acts of ownership as illustrating the character of her possession of the land on December 23, 1904; and if it was such as would have been adverse possession (at common law), when the deed by J. W. Franzen and wife to I. S. Gerald & Co. was made (though valid between the parties), it was void as against the adverse holder. Davis v. Curry, 85 Ala. 133, 4 South. 734; Mahan v. Smith, supra; Grant v. Nations, 172 Ala. 83, 55 South. 310; Curtis v. Riddle, 177 Ala. 128, 59 South. 47; Chandler v. Pope, 87 South. 539.[1] It is only since the adoption of section 3839 of the Code of 1907 (Roman v. Lentz, 194 Ala. 610, 69 South. 827; Burnett v. Roman, 192 Ala. 188, 68 South. 353) that statutory ejectment may be brought in the name of the real owner who has obtained his title by conveyance of a grantor not in possession at the time of the execution of the conveyance, and while the lands sought to be conveyed were in the adverse possession of a defendant or his predecessor in title. That is to say, before the adoption of the statute, as now contained in the Code as section 3839, it was held that a deed to land which, at the time of the conveyance, is in the possession of a third person holding adversely and claiming to be in rightful possession thereof, though without color of title, is void as against the adverse holder of such premises, and it will not support an action of ejectment by the grantee against the adverse holder. Mahan v. Smith, supra; Bernstein v. Humes, 60 Ala. 582, 31 Am. Rep. 52; Grant v. Nations, supra.

[5] Nor is the case changed by the rule that by statute the property and possession of a grantor pass as fully by his conveyance "as if seizin had been formally delivered" (Code, § 3364; Chandler v. Pope, 87 South. 539;[1] Yancey v. S. & W. R. Co., 101 Ala. 234, 13 South. 311; Daniels v. Williams, 177 Ala. 140, 58 South. 419; Chapman v. Chapman, 194 Ala. 518, 70 South. 121); that if a grantor remains in possession, he is presumptively but a tenant by sufferance of the grantee, and nothing short of an explicit disclaimer of such a relation and a notorious assertion of right in himself will be sufficient to change the character of his possession, and render it adverse to the grantee" (Yancey v. S. & W. R. Co., supra; Ivey v. Beddingfield, 107 Ala. 617, 18 South. 139; Daniels v. Williams, supra). Such were the presumptions of fact obtaining only between the grantor Jake Hayes and the grantee Franzen, and not the latter's grantee, Gerald & Co. It is observed of the rule that a grantor remaining in possession is presumptively but a tenant at the sufferance of the grantee named in the conveyance, and not by the sufferance of some other grantee. The retention of the possession of the lands by defendant, if open, notorious, adverse, and without recognition of Gerald's rights on December 23, 1904, was sufficient to warrant the rejection of the deed from Franzen to Gerald in evidence. Though the testimony of Jane Hayes as to possession during such time was at first excluded by the court, it was thereafter admitted for the purpose of showing whether she was in adverse possession of the land on December 23, 1904, and it was sufficient to show that no reversible error was committed in giving the affirmative charge.

No reversible error intervened on the trial; the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.