(104 So. 797)

## HOME LOAN CO. et al. v. CALHOUN et al.
### (6 Div. 428.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 25, 1925.)

1. **Adverse possession** ⚬═13—Of lot for over 10 years under claim of title held sufficient to establish ownership.

Open, notorious, actual, hostile, continuous, and adverse possession of enclosure for period of over 10 years, during which adjoining owners acquiesced in fence and improvements, *held* to bar action for disputed strip, on which improvements had been made by party in possession.

2. **Equity** ⚬═71 (2)—Period required for rule of laches is a little less than that of prescription.

The period embraced by the rule of laches is a little less than that of prescription.

---

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by T. Henry Calhoun and Leana Calhoun against Steve Hampton, Pearl Hampton, and the Home Loan Company. From a decree for complainants, respondents appeal. Reversed and remanded.

The bill alleges that complainants are the owners of lot 101, block 8, in Powell's addition to Birmingham, acquired by deed dated October 12, 1920; that respondent Home Loan Company is the owner of lot 100 in said block and subdivision, and that respondent Hamptons are in possession of said lot 100 under lease sale contract with the owner; that the said two lots adjoin, and that the dividing line is uncertain and disputed, respondents contending that the true line is at a point 25 feet north and west of the line contended for by complainants; that no survey of said dividing line has been made except one recently made by the county surveyor (Lee), by which the line is located 25 feet south and east of the line contended for by respondents; that respondents are in possession of and claiming 25 feet of lot 101 which rightfully belongs to complainants and which they refuse to surrender. The prayer is that the line be fixed at the point located by the county surveyor.

Respondent Home Loan Company by plea avers that Steve Hampton entered into possession of lot 100 on April 19, 1902, under warranty deed, from the Jefferson County Saving Bank, that immediately upon entry by said Hampton a fence was erected on the divisional line between lots 100 and 101, and that during the whole of said time said divisional line has been defined by a substantial fence; that in 1920 Hampton and wife executed a mortgage on the premises to one Hayden, which mortgage was thereafter foreclosed, Home Loan Company being the purchaser; that said Hampton erected a house on lot 100, and has lived there continuously for more than 10 years as owner or tenant of this respondent, and this respondent and its predecessors in claim and title have held open, notorious, actual, hostile, continuous, and adverse possession of the disputed strip up to said partition fence under claim of right, etc., for a continuous period of more than 10 years, claiming said fence defines the true line.

Hayden & Hayden and Hugh A. Locke, all of Birmingham, for appellants.

Possession taken and held under a claim of right by one of the owners of adjacent lands and to an erroneous line, agreed on by them under a belief that it is correct, is adverse, and, if continued for the statutory period, ripens into a perfect title. Hoffman v. White, 90 Ala. 354, 7 So. 816; Williams v. Bedsole, 174 Ala. 125, 56 So. 567; Alexander v. Wheeler, 69 Ala. 332; 4 Thompson on Real Prop. 3119. A map cannot be introduced in evidence, without proof of its correctness. Code 1923, § 10352; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182.

J. S. Kennedy, of Birmingham, for appellees.

The intention with which possession is taken and held by a party must always constitute an essential consideration. Davis v. Caldwell, 107 Ala. 526, 18 So. 103; Brown v. Cockerell, 33 Ala. 38; Humes v. Bernstein, 72 Ala. 556; Alexander v. Wheeler, 69 Ala. 332. The map by the county surveyor was presumptive evidence of the facts therein stated. Code 1923, § 10352. Claim of possession under mistake of fact as to the true line would not be adverse. Gibson v. Gaines, 198 Ala. 584, 73 So. 929; Davis v. Caldwell, 107 Ala. 526, 18 So. 103.

THOMAS, J. The bill was to settle a disputed boundary line between city lots, and resulted in a decree for complainants.

The law of such case is well established in this jurisdiction. Turner v. De Priest, 205 Ala. 313, 87 So. 370. The rule of adverse possession is that—

"Where adjoining landowners claimed and held the land to a line which they believed to be the true line, not intending to hold beyond the true line such claim and possession of the one is not adverse to the rights of the other if the line was not in fact the true line; however if they intended to hold to that line regardless of whether or not it was the true line such holding was adverse." Gibson v. Gaines, 198 Ala. 583, 73 So. 929; Smith v. Bachus, 195 Ala. 8, 70 So. 261; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182.

It follows that, where adjacent owners agree upon or fix their boundary lines, or "where at the request of adjacent landowners, the county surveyor surveyed and marked on the ground a boundary line between said landowners which was treated by the owner as the true line for ten years or more, the parties acquired title by adverse possession to the line as established, and an owner could not thereafter recover on establishing a different line by a new survey." Williams v. Bedsole, 174 Ala. 125, 56 So. 567; Gunn v. Parsons, ante, p. 217, 104 So. 390.

The questions of fact were not heard orally by the trial judge. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Andrews v. Grey, 199 Ala. 152, 74 So. 62.

[1, 2] When due consideration is given the map offered by complainants and the evidence of respondents of adverse possession of the lot within the enclosure, and upon which a part of respondents' improvements are located, the decree is held to be erroneous. Such is the result, even though the lines as

staked out and agreed upon between Hampton and the selling agent for the Jefferson Savings Bank or the owners of lots 99 and 101 are erroneous. The sale and póssession of said contiguous lots were with reference to a map or survey, and its markings, by the savings bank. The testimony of Lee and the map in evidence are not shown to be with reference to the government survey or said savings bank map, which map was used in ascertaining the lines by which possession was given and improvements made.

Remove not the ancient landmarks is of biblical injunction. The lot, as fenced and improved by Hampton, was long acquiesced in by contiguous owners as being upon its true lines—for a period of more than 10 years. If said lines be changed as decreed, it would necessitate other changes in lines and affect other lots lying to the east of the Hampton lot (sold with reference to the old map or survey, taken possession of and improved), and bring about a resulting shortage inflicted upon other purchasers who have likewise acquiesced therein. Calhoun should have ascertained the fact now insisted upon by him before his purchase or before expiration of the bar of the statute or interposition of the rule of laches, the period of which is a little less than that of prescription.

The decree of the circuit court in equity is reversed, and the cause is remanded for decree establishing the line pursuant to respondents' claim and possession.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.