# Tutwiler v. Atkins.

*Bill in Equity to Redeem from under a Mortgage.*

1. *Maintenance; when not shown to exist.*—Where a purchaser of land at a foreclosure sale under a mortgage, without completing the purchase by paying the entire price bid, takes possession, he thereby becomes a transferee in equity of the mortgage and his possession of the land thereafter is similar to that of mortgagee in possession, and is in no way adverse to the original mortgagees, so as to prevent a lawful transfer by them of the remaining interest in their mortgage; and the assignee of this interest may purchase the equity of redemption from the mortgagor and proceed to obtain possession without in any way being guilty of maintenance.

2. *Amendment of bill; when no reversible error not to allow it.*—The refusal of the chancellor to allow a proposed amendment to a bill is not a reversible error, if no relief could have been obtained under the amendment if allowed.

APPEAL from the Chancery Court of Hale.

Heard before the Hon. WILLIAM H. TAYLOE.

The bill in this case was filed by the appellant, P. A. Tutwiler, against the appellees. The facts of the case, as shown on the present appeal, are the same as those disclosed on the former appeal, and found reported in 98 Ala. 129.

After the remandment of the cause, the complainant sought to amend his bill by averring therein the adverse holding by the complainant of the lands involved in the suit. This amendment was not allowed, and a decree was rendered striking the same from the file.

On the submission of the cause, upon the pleadings and proof, the chancellor rendered the following decree : ''1st. That the complainant, Tutwiler, is not entitled

to the relief prayed for in his bill. 2d. That the cross-complainant, Mary B. Atkins, is entitled to the relief prayed in her cross-bill. 3d. That the complainant, Tutwiler, is a mortgagee in possession of the premises formerly owned by Florence R. Atkins and described in the bill of complaint, and is entiled to be repaid the amount of seven hundred ($700.00) dollars paid by him at the sale under the power in the mortgage executed by Florence R. Atkins to Woodruff & North, with interest, and to the value of all permanent improvements made and taxes paid by said complainant, Tutwiler, upon said mortgaged premises, and said complainant, Tutwiler, is chargeable with the value of the rents and profits which were received, or which should, by reasonable diligence, have been received, and the amount of the waste committed by said complainant, Tutwiler, or by his authority or agents upon the mortgaged premises, and the costs of said bill and cross-bill in this court. 4th. And this cause is now referred to the register to state an account between the said P. A. Tutwiler and Mary B. Atkins in accordance with this decree.''

The complainant appeals, and assigns as error the decree of the chancellor in not allowing the amendment, and the final decree, as shown above.

Seay & DeGraffenreid, for appellants.—Sale of lands pending adverse possession is void as against adverse holder. This is true whether adverse holder claims under color of title or not. In such cases, all that the court does is to ascertain that there was adverse possession; it goes no further. This is for the suppression of maintenance, "The most dangerous enemy," says Sir Edward Coke, "that justice hath."—*Dexter v. Nelson*, 6 Ala. 68; *Sharp v. Robertson*, 76 Ala. 343; *Bernstein v. Humes*, 60 Ala. 582; *Poe v. Davis*, 29 Ala. 680.

While in the opinion on the first appeal, Judge Walker held that Tutwiler's claim upon the land was that of a mortgagee in possession, this construction of the justice does not affect, so far as this issue is concerned, the character of the possession and render it any the less adverse. While the court may, by construction, hold that Tutwiler was not a purchaser at said sale, he nevertheless claimed to be. Actual possession, under adverse claim, whether the claim is well founded or not, is suf-

ficient to avoid the sale.—*Bernstein v. Humes*, 60 Ala. 582.

PETTUS & PETTUS, *contra.*—The doctrine of adverse possession has no application to this case. Tutwiler, both on his showing in his pleadings and evidence, purchased the land at a sale made by Woodruff & North, under the power of sale contained in their mortgage from Mrs..Florence Atkins, and paid only a part of the purchase money. He received no deed; but took possession of the land under that purchase, and has held possession, and still claims to hold, under that purchase only and without any pretense of any other claim or right. The possession of a vendee, under a bond for title is not adverse to the vendor, such vendee holds in subordination to the title of the vendor.—*Sellers v. Hayes*, 17 Ala. 749 ; *Seabury v. Stewart*, 22 Ala. 207.

A conveyance of lands adversely held is good upon the principle of estoppel, as between the parties and their privies.—*Harvey v. Carlisle*, 23 Ala. 635 ; *Abernathy v. Boazman*, 24 Ala. 189 ; *Thompson v. Marshall*, 36 Ala. 504. A mortgagor has a perfect right to convey his equity of redemption or other interest in it; and, although he thereby compels the mortgagee to make his grantee parties to a suit to foreclose the mortgage, his conveyance can not be considered fraudulent as tending to hinder and delay him.—1 Jones on Mortgages, § 676.

HEAD, J.—We have given this case careful consideration, and can see no reason to depart from what we said of it when it was here, upon substantially the same record, on a former appeal.—*Atkins v. Tutwiler*, 98 Ala. 129. The facts of the case are fully set forth in that opinion. We then determined that Tutwiler did not become a purchaser of the land, by virtue of his bid and payment of part thereof, at the attempted foreclosure of the Woodruff & North mortgage, but that he became thereby only a transferee in equity, *pro tanto*, of the mortgage ; the interest therein so acquired being in the proportion which the amount he paid on the bid bears to the whole amount secured by the mortgage. We further determined that his possession of the land thereafter was similar to that of mortgagee in possession, and his liabilities those of such mortgagee, subjecting him to all

[Tutwiler v. Atkins.]

the liabilities and duties which legally attach to that relation, in general, and entitling him to its benefits. When the case was remanded the chancellor rendered a decree which, in our judgment, accords to him, as transferee, all the protection which the equity of the case demands.

There was no element of adverse holding on the part of Tutwiler which prevented the lawful transfer by Woodruff & North of their remaining interest in their mortgage, or the transfer by the Dundee Company of its prior mortgage on the same premises, to the defendant, Mary B. Atkins, under the doctrine of maintenance; his holding being under a conditional foreclosure of a mortgage, the condition not having been complied with. His possession, as we have said, under the facts which environed him, was under, and in subordination to, the former, and, if that would aid the complainant's cause, there was never, on his part, any actual repudiation, carried home to the mortgagees, of their rights under their respective mortgages. They were at liberty to transfer them, at will, and, as a consequence, Mary B. Atkins was at liberty to puchase them. She, therefore, became, by her purchase of them, their lawful owner to the extent of the amounts remaining unpaid thereon; Tutwiler, as we have seen, being entitled to an interest, as transferee, in the one under which he attempted to purchase. Being thus the owner, she could have foreclosed the mortgages in equity, or under the powers of sale; or, dealing fairly with the mortgagor, Florence R. Atkins, she was at liberty to acquire the equity of redemption by contract with the latter. This she did when she took the deed of conveyance from Florence R. Atkins. Having lawfully acquired the mortgages, she had the right to go forward and perfect her title by purchasing the equity of redemption, even though Tutwiler had been then in the actual, adverse possession of the land. The doctrine of maintenance does not apply to such relation. *Alabama State Bank v. Barnes*, 82 Ala. 607. If we consider, therefore, the amendment of the bill which was proposed by the complainant, after the cause was remanded, as having been allowed, no relief could be obtained under it, wherefore there was no available error in the refusal of its allowace. The decree of the chancellor is affirmed.