[Nichols v. Nichols.]

# Nichols *v.* Nichols.

*Unlawful Detainer.*

(Decided January 16, 1913.   60 South. 855.)

*Champerty and Maintenance; Application; Unlawful Detainer.*
—Where a plaintiff in unlawful detainer purchased land in subordination to the mortgage title under which defendant claims, he was not entitled to recover, although the mortgagee's conveyance to the defendant was champertous, the doctrine of champerty being established for defense of possession and not for offense.

APPEAL from Jefferson Circuit Court.

Heard before Hon. THOS. W. WERT.

Unlawful detainer by Nancy. E. Nichols against Jessie Allen and others. The court ordered the substitution of R. B. Nichols as landlord, and from a judgment for defendant, plaintiff appeals. Affirmed.

The evidence for plaintiff tended to show that her husband, J. P. Nichols, executed to her, on the 6th day of May, 1903, a deed to the land in question, and that under that deed, but without obvious change of possession, she remained in possession of the land until some time in August, 1906, and the deed was introduced in evidence. The defendant offered in evidence a deed from W. A. J. McCain and wife to him of date August 1, 1906, expressing the consideration, and also a mortgage executed to W. A. J. McCain, on the 14th day of January, 1902, covering the property in question, and signed by J. P. Nichols and Nancy E. Nichols. The evidence for plaintiff in rebuttal tended to show that R. B. Nichols came to J. P. Nichols just before R. B. bought the land from McCain, and said to J. P. that, if he would give him a mortgage on the land, he would redeem it for J. P., and that J. P. replied that he did

not owe McCain anything, that his wife owned the land, and advised R. B. to keep his money out of it. This being the evidence, the court gave the general affirmative charge for the defendant.

BURGIN, JENKINS & BROWN, for appellant. A conveyance of land by one at the time out of possession and which is held adversely to the grantor, is void as to third parties, and is good as between the parties to the deed solely upon the doctrine of estoppel.—*Mahan v. Smith,* 151 Ala. 482; 44 South. 375, and cases there cited. Although this rule may have been abolished by section 3839 of the Code of 1907, said section does not apply to deeds made before the adoption of the present Code.—*Curtis v. Riddle,* 59 South. 47, and cases there cited. It is no defense to an action of ejectment brought by a mortgagor against any other person than the mortgagee that the legal title is in the mortgagee and the law day of the mortgage has arrived.—*Allen v. Kellan,* 69 Ala. 442, and cases there cited. The defendant, R. B. Nichols having failed to connect himself with the outstanding mortgage, could not set up said mortgage as a defense to this action.—*Dunton, et al. v. Keel,* 10 South. 333. Where neither party has the true title, the older possession gives the better right.—*Strange, et al. v. King,* 4 South. 600; *Reddick, et al. v. Long,* 37 South. 402.

W. K. TERRY, for appellee. The case of *Robinson v. Callahan,* 91 Ala. 482 is decisive of this controversy in favor of the appellee and this case is discussed approvingly in the case of *Naugher v. Sparks,* 110 Ala. 576. These authorities answer conclusively every proposition asserted by appellant.

SAYRE, J.—The common-law doctrine of champerty concerning conveyances of land adversely held, as interpreted in this state, did never amount to much; for the champertous deed has been construed to be a power of attorney authorizing the grantee to use the grantor's name, as plaintiff in ejectment, to recover the lands, even against the will of the latter, and a recovery, though prosecuted in the name of the grantor, without more, inures to the benefit of the grantee.—*Pearson v. King,* 99 Ala. 125, 10 South. 919; *Carr v. Miller,* 161 Ala. 658, 49 South. 802. The doctrine has now been abrogated by statute (Code, § 3839), but it has been held that whatever of virtue or vice there was in it still sticks to conveyances executed while it was of force. —*Grant v. Nations,* 172 Ala. 83, 55 South. 310; *Curtis v. Riddle,* 177 Ala. 128, 59 South. 47. It is obvious that our adaptation of the doctrine at its best, or worst, put no real obstacle in the way of a recovery by the grantee. But the grantee in this case has acquired possession of the land, without fraud or force it must be presumed, and is defending against the suit of one who purchased in subordination to the mortgage title under which defendant claims. It is not pretended that the mortgage was affected. So then, conceding that the mortgagee's conveyance to defendant, having been made prior to our repealing statute, was champertous, though on the facts this may be open to grave doubt. (*Tutwiler v. Atkins,* 106 Ala. 194, 17 South. 394), but holding, as we must in view of our previous decisions, that defendant, if he were out of possession, might use the name of his grantor to recover against plaintiff if she were in possession, what reason can there be why the defense should not be allowed? In the situation shown the policy and reason of the law of champerty will not be served by a temporary denial of the defendant's title.

The doctrine was established, not for offense, but for the defense of possession. But plaintiff proposed to make use of the doctrine offensively, and our opinion is that in the circumstances of this case its operation was properly disallowed.

Affirmed.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur.

