(85 South. 267)

REICHERT v. JEROME H. SHEIP, Inc., et al. (1 Div. 114.)

(Supreme Court of Alabama. Feb. 12, 1920.)

1. Champerty and maintenance ⟨⟩7(1) — Ejectment ⟨⟩95(2)—Deed held not champertous on its face.

A deed reciting a consideration of $1, other valuable consideration and the sum of $1,000 to be paid within year, with a provision reserving a vendor's lien to secure payment of $1,000, evidenced by note, though stipulating that the grantor should look to the land for payment, and not purchaser, is not, on its face, champertous.

2. Champerty and maintenance ⟨⟩7(3)—Conveyance not champertous because grantor is out of possession.

In view of Code 1907, § 3839, providing that ejectment must be brought in the name of the owner, though plaintiff may have obtained his title by conveyance made by a grantor not in

possession, defendant's possession of land at the time of conveyance does not render the conveyance champertous.

**3. Champerty and maintenance ⬳7(5)—Deed, not champertous on its face, cannot be excluded.**

Where a deed in plaintiff's chain of title was not champertous on its face, it will not be excluded on defendant's objection that it was obtained under a champertous contract, such contract being only collaterally involved, for that would tend to raise extraneous issues.

**4. Internal revenue ⬳34—Deed not excluded because not stamped.**

In the absence of any evidence of intention to evade the internal revenue or defraud the government, a deed will not be excluded from evidence because not bearing internal revenue stamps.

**5. Names ⬳19—Deed cannot be excluded because of misspelling of name of original patentee.**

Though patent spelled the patentee's name as Duret, a deed by his heirs and personal representatives in plaintiff's chain of title will not be excluded because there was testimony that the name was really spelled Durette, for the difference in spelling, regardless of whether the two names were idem sonans, would not warrant the exclusion of the deed, but only submission to the jury of the question of identity.

**6. Ejectment ⬳95(2) — Tenancy in common ⬳55(1)—One tenant is, as against stranger, entitled to recover entire premises.**

In ejectment a deed to plaintiff of the premises will not be excluded because the interest conveyed was not shown, where defendants in possession were strangers to plaintiff's title, for, though plaintiff merely became a tenant in common, he was, as against a stranger, entitled to possession.

**7. Marriage ⬳40(7)—Foreign marriage presumed valid.**

In the absence of evidence attacking the validity of the marriage of the original patentee to lands in Alabama, made while the territory was in foreign possession, and there being nothing to counteract the presumption of legitimacy of the children of the union it will be presumed the marriage was valid.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Ejectment by Jacob H. Reichert against Jerome H. Sheip, Incorporated, and another. From the adverse rulings of the court plaintiff takes nonsuit with bill of exceptions, and appeals. Reversed and remanded.

This appeal is from an order granting a nonsuit which the appellant took in an action of ejectment against the appellees, on account of the adverse ruling of the circuit court of Baldwin county in sustaining appellees' objection to the introduction in evidence of a deed dated September 24, 1918, from Max Collins to appellant, covering lands described in the complaint; the grounds of said objection being: (1) It did not appear that the grantor had title to the lands at the time of its execution; (2) the said deed had no revenue stamps affixed thereto, and (3) said deed was void for champerty and maintenance.

Plaintiff's grantor, Max Collins, claimed title through a number of persons who, by the deposition of Anna Leland, have been shown to be the heirs and personal representatives of Louis Durette, deceased, to whom the land had been granted by the Spanish government; the patent to his heirs from the United States government being offered in evidence.

Harry T. Smith & Caffey, of Mobile, for appellant.

The court improperly excluded the deed, whether plaintiff had only a quantum, or whether he had the whole. 140 Ala. 283, 37 South. 382, 103 Am. St. Rep. 35; 149 Ala. 330, 43 South. 126; 171 Ala. 631, 54 South. 549. There was no material variance between the name "Duret" and "Durette." 6 Ency. of Evidence, 917; 29 Cyc. 272; 72 Ala. 220; 74 Ala. 26; 132 Ala. 26, 31 South. 108. The absence of a stamp would not render the deed invalid. 130 Ala. 330, 30 South. 355.

Stevens, McCorvey & McLeod, of Mobile, for appellees.

Collins is not shown to have had title to the land at the time of the execution of the deed. 189 Ala. 330, 66 South. 624. The court cannot know as a matter of law that Louis Durette, who lived and died in Mobile, and who had land situated there, is the same person as Louis Duret, to whose heirs patent was issued to lands in Baldwin county. 200 Ala. 511, 76 South. 453; 87 Ala. 94, 6 South. 357; 97 Cal. 147, 31 Pac. 928; 132 App. Div. 716, 117 N. Y. Supp. 582; 234 Ill. 276, 84 N. E. 906. As to idem sonans, see 100 Ala. 42, 14 South. 562; 5 Port. 236, 30 Am. Dec. 557; 17 Ala. 30; 63 Ala. 180; 59 Ala. 61; 132 Ala. 26, 31 South. 108. Proof of an undivided partial interest, or undetermined in a grantor, does not show title to him, and renders his conveyance inadmissible. 40 South. 757. Revenue stamps should have been attached to the deed. 15 Wall. 393, 21 L. Ed. 72; U. S. Revenue Act 1918; 43 Ala. 140; 50 Ala. 182. The deed is void for champerty and maintenance. 7 Port. 488; 24 Ala. 472; 59 Ala. 400; 77 South. 967; 11 Corp. Jur. 250, 251; 100 Tenn. 317, 45 S. W. 790, 40 L. R. A. 520, 66 Am. St. Rep. 754.

GARDNER, J. [1-3] The objection to the introduction of the deed from Max Collins to the plaintiff that it was obtained under a

champertous contract is a ground upon which great stress is laid in argument of counsel, and upon which, as we gather from the brief, the court below· acted in excluding the same from the evidence. This deed recites a consideration of $1 and "other valuable consideration, and the further sum of $1,000 to be paid within one year from the date of said conveyance." It also provides that a vendor's lien is reserved to secure the balance of $1,-000 as purchase money, as evidenced by promissory note due one year from date, and for a sale of the property upon failure to pay the note at maturity; and, further, that the grantor is to look to the land for the payment of the $1,000 note—the grantee not to·be personally responsible or liable therefor.

This deed did not disclose upon its face a champertous agreement (6 Cyc. 874; Torrence v. Shedd, 112 Ill. 466; Moore v. Ringo, 82 Mo. 468; McSwain v. Atlantic Coast Lumber Co., 96 S. C. 155, 80 S. E. 87), as was held to be the case in Johnson v. Van Wyck, by the Court of Appeals of the District of Columbia, 4 App. D. C. 294, 41 L. R. A. 520, cited by counsel for appellees.

The possession of defendants, under section 3839 of the Code of 1907, does not now affect the question here considered. Nichols v. Nichols, 179 Ala. 613, 60 South. 855.

The objection that the deed should be excluded on account of champerty must therefore be rested upon the testimony of Anna Leland, concerning a certain conversation had with the plaintiff. Whether this testimony suffices to establish a champertous agreement need not be here determined. The action is not brought directly upon any alleged champertous agreement, which, in any event, is here only collaterally involved. The defendants were strangers to any such agreement, if one existed, and are not in position to avail themselves of its illegality.

As to when a defendant in litigation may take advantage of a champertous agreement, the authorities are divided as is disclosed by reference to 11 Corpus Juris, 270, and 5 R. C. L. 284. The Supreme Court of Iowa, in a comparatively recent case, Cress v. Ivens, 163 Iowa, 659, 145 N. W. 325—reviews several decisions holding to the view expressed above, and this is the rule recognized in this state. In ,Cress v. Ivens, supra, the court points out that one of the practical reasons why the question of champerty should not be gone into when only collaterally involved is that it usually presents a question of fact, and that to inject it into the trial would be to permit the defendant (to use the language of the opinion) to "deflect the course of a trial to settle an issue in which he had no real interest, and which could not affect his ultimate liability. To open such a door would be to add greatly to the burden and confusion of litigation."

We consider the case of Sibley v. Alba, 95 Ala. 191, 10 South. 831, decisive of the question here under review, and the same principle there announced was recognized in Broughton v. Mitchell, 64 Ala. 210. See, also, in this connection, Gilman v. Jones, 87 Ala. 691, 5 South. 785, 7 South. 48, 4 L. R. A. 113. We find nothing to the contrary in the cases from this state cited by counsel for appellees. We are therefore of the opinion that the action of the court in excluding the deed cannot be rested upon this ground of objection.

Chief Justice Anderson and Justices McClellan and Thomas further entertain the view there was error in excluding the deed upon the additional ground that, if champerty affected the transaction, the agreement giving rise thereto was fully executed, under the authority of Greil Bros. Co. v. McLain, 197 Ala. 136, 72 South. 410, and Sellers v. Knight, 185 Ala. 96, 64 South. 329. As to this additional ground, the ,other members express no opinion.

[4] It is further insisted that the deed should be excluded for the reason that it bore no United States revenue stamps. There is no evidence offered indicating any intent to evade the internal revenue law, or to defraud the government by failing to affix the requisite amount of stamps; and, in the absence of such proof, under the authorities of this court, the deed should not be excluded upon that ground. Bibb & Faulkner v. Bonds, 57 Ala. 509; Hooper v. Whitaker, 130 Ala. 324, 30 South. 355; Perryman v. Greenville, 51 Ala. 507.

In the testimony of Anna Leland, enumerating the heirs of Louis Durette, the name is spelled Durette, while in the patent to his heirs it appears "Duret." It is argued by appellees' counsel that it is therefore not made to appear that plaintiff's grantor acquired any title from Louis Duret. Whether under some of our decisions (Rooks v. State, 83 Ala. 79, 3 South. 720) the court might be justified in holding these names idem sonans is unnecessary to determine for the reason that, in any event, this difference in spelling would not justify the exclusion of the deed, for the utmost the defendants could claim would be a submission of the question for the consideration of the jury. Underwood v. State, 72 Ala. 220; 29 Cyc. 272, 277; 6 Encyc. of Ev. 917.

[6] It is also argued that the deed was properly excluded for the reason that it did not appear from the evidence exactly what interest in the property passed to the plaintiff by virtue of the deed from Max Collins, citing Hudson v. Vaughn, 40 South. 757, reported as a memorandum decision in 147 Ala. 690. The report of that case does not disclose whether the defendant was a stranger to the deed or a tenant in common with the plaintiffs. If a tenant in common, the hold-

ing there would be justified. If, however, the defendant was a stranger to the deed, then we think this authority would be opposed to the rule established by this court in Hooper v. Bankhead, 171 Ala. 631, 54 South. 549, and authorities there cited, to the effect that a tenant in common is entitled, as against a stranger in possession, to the whole property, and may recover from such stranger the whole in ejectment.

[7] It appears that Louis Durette died in the year 1795, and there was evidence tending to show his marriage in a territory of this country which was then under Spanish control. There was no evidence offered attacking the marriage as invalid under the foreign law then existing or to counteract the presumption that the children of the marriage were the lawful heirs of said Durette. Franklin v. Lee (Ind. App.) 62 N. E. 78. And, indeed, this question does not seem to be insisted upon by counsel for appellees.

We have here briefly treated the questions presented by argument of counsel on this appeal, and have reached the conclusion that the court committed reversible error in excluding the deed of Max Collins to the plaintiff.

The judgment of the court below will therefore be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, THOMAS, and BROWN, JJ., concur.

SAYRE, J., concurs in conclusion.