(85 South. 704)

**BOWERS v. YANCEY.   (7 Div. 85.)**

(Supreme Court of Alabama.   June 30, 1920.)

**Champerty and maintenance ☞7(5)—Defendant's possession held not to affect force of deeds under which plaintiff in ejectment claimed.**

In an action in statutory ejectment under Code 1907, § 3839, giving plaintiff an election to proceed by action of ejectment or by the statutory action, the fact that defendant was in possession, holding the lands adversely, did not affect the admissibility or probative value of such deeds.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Ejectment by W. J. Yancey against B. Bowers, alias, etc. Judgment for plaintiff, and defendant appeals. Affirmed.

It was agreed that T. J. Duffey owned the land in question, and each party traced to him as the common source of title. Plaintiff claimed by deed from Duffey to H. Bowers, and from H. Bowers to himself. Defendant claimed that before Duffey executed the deed to H. Bowers he contracted with defendant to give him the land in consideration that defendant would look after him and care for him; that he put defendant in possession, agreeing to execute a deed later, and that the defendant was in possession, exercising acts

of ownership, when Duffey made his deed to Herschel Bowers.

Isbell, Scott & Downer, of Ft. Payne, for appellant.

The plaintiff's deed was void as to Bowers. 149 Ala. 164, 43 South. 13; 76 Ala. 600; 73 Ala. 537; 72 Ala. 546; 86 Ala. 320, 5 South. 495; 107 Ala. 530, 18 South. 103; 116 Ala. 526, 22 South. 910, 67 Am. St. Rep. 149.

E. P. Reed, of Collinsville, for appellee.

The court properly directed a verdict for the plaintiff. Section 3839, Code 1907; 197 Ala. 611, 73 South. 114.

SAYRE, J. Statutory action of ejectment by appellee against appellant. The fact that appellant was in possession holding adversely did not affect the admissibility or probative force of the deeds under which appellee showed title. Code, § 3839; Nichols v. Nichols, 179 Ala. 611, 60 South. 855; Reichert v. Sheip, 85 South. 267.[1] The cases cited by appellant arose prior to the change in the statute law now appearing in the section of the Code supra.

Affirmed.

ANDERSON, C. J., and GARDNER and BROWN, JJ., concur.