<89 South. 81>
### JOHNSON v. SANDLIN. (6 Div. 143.)

(Supreme Court of Alabama, April 7, 1921. Rehearing Denied May 12, 1921.)

1. **Ejectment ⬅84(2) — Defendant can show any title acquired before trial under plea of not guilty.**

Plaintiff, to recover in ejectment, must have title at time of filing suit and at trial, and defendant can prevail under title acquired before trial under the plea of not guilty, and a plea of puis darrein continuance is not necessary.

2. **Ejectment ⬅86(3)—Burden is on plaintiff to show interest in land.**

The burden is on plaintiff administratrix in ejectment to show that her intestate owned some interest in the lands and what that interest is.

3. **Executors and administrators ⬅130(2) — Burden is on personal representative to show statutory necessity for taking possession of land in case of intestacy.**

The legal title and right to possession of land in case of intestacy at death of the ancestor descends to his heirs, and the personal representative can intercept and take possession of the land from the heirs or from their grantee only if a necessity exists therefor, and the burden is on such personal representative to show some statutory necessity therefor. Code 1907, § 2620.

4. **Executors and administrators ⬅130(2) — Administratrix must show statutory necessity before recovering from vendee of heir.**

Where land was deeded to two brothers, who possessed it together, before the administratrix of one of them can recover his interest from a purchaser from an heir of her intestate's, she must show some statutory necessity therefor.

5. **Tenancy in common ⬅55(1) — Tenant can recover as against one in entire possession.**

Where two brothers owned land, and both died, in ejectment by the administratrix of one against the purchaser of a part of the land from an heir, as well as another interest, defendant is a stranger to the interest of those heirs from whom he has not purchased; and where he has entire possession of the land he is a tenant in common with plaintiff's intestate, whose interest could be recovered in this suit without showing any statutory necessity therefor.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Ejectment by Josie Johnson, as administratrix of the estate of Tillman S. Boyd, deceased, against John F. Sandlin. Judgment for the defendant, and plaintiff appeals. Affirmed.

James Kay, of Oneonta, for appellant.

The administrator was entitled to recover. Section 2618 et seq., Code 1907; 67 Ala. 173; 71 Ala. 594; 73 Ala. 222; 97 Ala. 560, 11 South. 841; 127 Ala. 309, 27 South. 784. As against any person not claiming under a tenant in common, the decedent was entitled to recover as a tenant in common the entire tract. 157 Ala. 434, 47 South. 725. Declarations of the tenant in possession were admissible as of the res gestæ. 82 Ala. 139, 2 South. 483; 74 Ala. 64; 1 Greenleaf, § 109. A deed is the highest and best evidence of its contents. 195 Ala. 601, 71 South. 177. The defendant could not claim adversely, except as to the lands described in his deed. 183 Ala. 617, 62 South. 797; 167 Ala. 615, 52 South. 527.

Russell & Johnson, of Oneonta, for appellee.

The lands did not pass to the administrator for the purpose of administration, as it was not shown that there were any debts, and, if so, that the personal property was insufficient. Section 2619, Code 1907; 108 Ala. 105, 20 South. 387.

MILLER, J. Josie Johnson, as administratrix de bonis non of the estate of Tillman S. Boyd, deceased, brings statutory action of ejectment against John F. Sandlin for recovery of possession of the following land: All of west ½ of southeast ¼ of section 14, township 13, range 4 west, which lies on east side of the Mulberry fork of the Black Warrior river, containing 25 acres, more or less, in Blount county, Ala.

The complaint is in the form prescribed by the statute. It is tried by the court, without a jury, on the oral testimony of witnesses. Judgment is rendered in favor of the defendant. This judgment and the admission and rejection of testimony on the trial by the court are assigned as errors.

On October 3, 1883, Dr. T. Boyd and wife conveyed by deed this and other land to Tillman S. Boyd and Samuel Boyd. It was duly signed, acknowledged, and recorded. The deceased and Samuel Boyd were brothers, and lived together at the time, near this land, and until the death of Samuel Boyd in 1912. The evidence for plaintiff tended to show that the two brothers were together in possession of this land, collecting annually the rent therefrom until 1912—the death of Samuel Boyd—and that plaintiff's intestate thereafter, until his death in 1916,

was in possession, and that defendant was in possession at the time this suit was filed.

Both died intestate. Samuel left a widow, but no children or their descendants; and Tillman was never married. They left three sisters, and descendants of a sister and a brother, and probably others. The evidence is neither clear as to how many, nor the names of all the brothers or sisters, or their descendants. There was evidence for the plaintiff tending to show that Samuel Boyd, at the time of his death, owned an undivided one-half interest in the land, and plaintiff's intestate owned the other half interest. There was also evidence for the defendant tending to show that plaintiff's intestate sold his interest in the land to his brother, Samuel Boyd, and that Samuel Boyd at his death owned the entire title to the 25 acres. There was evidence that "These people that signed this quitclaim deed [to the defendant] are brothers and sisters-in-law to Tillman S. Boyd," and the witness testified "that he got the quitclaim that was signed by his mother and the other heirs."

[1] On November 21, 1919, Tlitha Dean, Bettie Ann Ward, and Margaret Parker, sisters of plaintiff's intestate, and Perry Parker, husband of Margaret Parker, quitclaimed and conveyed to John F. Sandlin, the defendant, all their right, title, and interest in and to the said 25 acres of land sued for and described in this suit. The defendant offered in evidence said deed. The court did not err in overruling plaintiff's objections to it. This deed, it is true, was executed November 21, 1919. This suit was commenced September 10, 1919. There is no plea of puis darrein continuance in the record. It is not necessary in actions of ejectment. Title acquired by defendant after commencement of suit can be submitted under plea of not guilty—the general issue. The plaintiff, to recover in ejectment, must have title when he files his suit, and also at the time of the trial. The defendant can defend under any title acquired by him before the trial under the plea of not guilty. Etowah Min. Co. v. Doe, Carlisle, 127 Ala. 668, 29 South. 7; Rucker v. Jackson, 180 Ala. 109, 60 South. 139, Ann. Cas. 1915C, 1058; Bynum v. Gold, 106 Ala. 427, 17 South. 667; Bruce v. Bradshaw, 69 Ala. 360; Hairston v. Dobbs, 80 Ala. 589, 2 South. 147; Scranton v. Ballard, 64 Ala. 402.

These grantors in the deed were heirs of Tillman S. Boyd and of Samuel Boyd. It conveyed to defendant some interest of the half interest of Tillman S. Boyd, and some interest of the half interest of Samuel Boyd. If Samuel Boyd had purchased from Tillman Boyd this land then the deed conveyed some interest of the Samuel Boyd interest.

[2] This land is in possession of a vendee (the defendant) of some of the heirs of plaintiff's intestate and of the heirs of Samuel Boyd, deceased. The plaintiff's intestate,

from the evidence, did not own the entire interest in the land at his death. One-half at least of it belonged to the heirs of his brother Samuel; and some of the said heirs of Samuel Boyd and some of the said heirs of Tillman Boyd conveyed by that deed some interest to the defendant. The defendant claims to own some interest in the land that never belonged at any time to Tillman Boyd, but which belonged to Samuel Boyd. The proof as to number and names of heirs is so indefinite, we cannot state accurately what interest the defendant has, or plaintiff's intestate had in this land at his death. Plaintiff's intestate inherited a part of the half interest in this land at his brother Samuel's death. If Samuel Boyd owned, by purchase and adverse possession, at his death the half interest of plaintiff's intestate, then he (plaintiff's intestate) would inherit a part of the whole, instead of a part of the half.

The burden is on the plaintiff to show that her intestate owned some interest in the land, and what that interest is. It seems clear from the evidence that he owned some interest, but very uncertain what interest, in this land. Reichert v. Jerome H. Sheip, 204 Ala. 86, 85 South. 267.

[3] The legal title and right to possession of land, in case of intestacy, at death of the ancestor, descend to his heirs. The personal representative can intercept and take possession of the land from the heirs or their vendee, if a necessity exists therefor. The burden is on him to show some statutory necessity therefor. Some statutory necessity for the possession of the land must be shown by plaintiff to exist; and then the law authorizes the personal representative to secure it from the heir or vendee of an heir.— Code 1907, § 2620; Mayer v. Kornegay, 163 Ala. 371, 50 South. 880, 136 Am. St. Rep. 79; Stovall v. Clay, 108 Ala. 105, 20 South. 387; Steele v. Steele's Adm'r, 64 Ala. 438, 38 Am. Rep. 15; Lee's Admr. v. Downey, 68 Ala. 98; Calhoun v. Fletcher, 63 Ala. 580; Woods v. Legg, 91 Ala. 512, 8 South. 342.

[4] The defendant in this case claims to own some interest in the land which did not belong to plaintiff's intestate at his death; and he claims to own under the deed an interest in the land that belonged to Tillman Boyd at his death. Before plaintiff can recover of defendant his interest as vendee of an heir of her intestate's estate, she must show some statutory necessity therefor. This she fails to do.

[5] But plaintiff's intestate owns an interest in this land, of which defendant is not a vendee of an heir of the estate. The defendant does not own by purchase the entire interest of all the heirs of the estate of Tillman Boyd. He owns only the interest of two or three of them. The defendant is a stranger to the interest of the other heirs from whom he has not purchased; and yet he is in entire possession of the land. He is a tenant in common with plaintiff's intestate, with a part of the interest in this land. That interest could be recovered in this suit, without showing any statutory necessity therefor; but, before the plaintiff can recover that interest, it must be clearly proven. This the plaintiff fails to do. It is uncertain and indefinite from this evidence what is that fractional interest. The facts are not sufficient for the court to fix it. That burden was on plaintiff. Reichert v. Jerome H. Sheip, 204 Ala. 86, 85 South. 267.

No doubt, for these reasons a judgment was rendered for the defendant by the court below. It heard all the witnesses testify orally. We cannot say it erred in its judgment.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.